Memo Endorsed

WHITE & CASE

August 22, 2019

**Application Granted.**

**SO ORDERED.**

_____
Ona T. Wang          2/28/2020
U.S. Magistrate Judge

White & Case LLP
1221 Avenue of the Americas
New York, NY 10020-1095
T +1 212 819 8200

whitecase.com

VIA ECF

The Honorable Ona T. Wang
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re: <u>Carmen Nieves v. Andrew M. Saul, Commissioner of Social Security</u>, No. 18-cv-02629 (OTW) (S.D.N.Y. Mar. 23, 2018)

Dear Judge Wang,

Pursuant to Section 3(d) of Your Honor's Individual Practices, Plaintiff Carmen Nieves submits this letter to request redaction of the references to Plaintiff's medical records and medical conditions in the July 11, 2019 conference transcript. Plaintiff submits simultaneously with this letter the proposed redacted version of the transcript. *See* Exhibit A.

Plaintiff accepts that the transcript is a "judicial document" under the definition set forth in *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132 (2d Cir. 2016). Plaintiff contests, however, that a First Amendment or a common-law presumption of access applies to Plaintiff's sensitive medical information. Plaintiff possesses a privacy interest in keeping her sensitive medical records confidential. *See Olszewski v. Bloomberg, L.P.*, No. 96-civ-3393 (RPP), 2000 WL 1843236, at *2 (S.D.N.Y. Dec. 13, 2000) (recognizing "a privacy interest in keeping one's medical and mental health records confidential"). The Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and accompanying Department of Health Services regulations also ensure the confidentiality of Plaintiff's "protected health information." 45 C.F.R. § 164.502(a). This includes "the provision of health care" to Plaintiff and Plaintiff's "past, present or future physical or mental health or condition[.]" 45 C.F.R. § 160.103.

Courts in the Second Circuit have repeatedly held that information protected by HIPAA is not subject to a First Amendment or common-law presumption of access and have sealed and redacted documents that contain such information. *See, e.g.*, *Dilworth v. Goldberg*, No. 10-cv-2224 (JMF), 2014 WL 3798631, at *2 n. 3 (S.D.N.Y. Aug. 1, 2014); *Tavares v. Lawrence & Mem'l Hosp.*, No. 3:11-cv-770 (CSH), 2012 WL 4321961, at *11 (D. Conn. Sept. 20, 2012); *Hand v. New York City Transit Auth.*, No. 11-cv-997 (RRM) (MDG), 2012 WL 3704826, at *5-6 (E.D.N.Y. Aug. 26, 2012); *Wheeler-Whichard v. Doe*, No. 10-cv-0358S, 2010 WL 3395288, at *7 (W.D.N.Y. Aug. 25, 2010). Plaintiff therefore requests redaction of the references to her sensitive and confidential health information in the July 11, 2019 conference transcript.

                                        Respectfully submitted,

                                        */s/ Steven F. Rivera*
                                        Steven F. Rivera
                                        White & Case LLP
                                        1221 Avenue of the Americas
                                        New York, NY 10020
                                        Tel: (212) 819-8659
                                        steven.rivera@whitecase.com
                                        *Attorney for Plaintiff, Carmen Nieves*

cc:  Counsel of Record (via ECF)

Enclosures